IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARTRONICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0825-WS-M |
| | ) |
| POWER-ONE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendants' Request for Reconsideration of Order Granting Plaintiff's Motion for Trial Setting in Selma, Alabama (doc. 23).

On December 4, 2006, plaintiff Bartronics, Inc. initiated this patent infringement lawsuit by filing its Complaint (doc. 1) against defendants Power-One, Inc. and Magnatek, Inc. in this District Court.  By statute, the Southern District of Alabama comprises a Northern Division (comprising the counties of Dallas, Hale, Marengo, Perry, and Wilcox) and a Southern Division (comprising the counties of Baldwin, Choctaw, Clarke, Conecuh, Escambia, Mobile, Monroe, and Washington).  *See* 28 U.S.C. § 81(c).  Court for the Northern Division is held at Selma, while court for the Southern Division is held at Mobile.  *Id.*  The Complaint (doc. 1) designated this action as being filed in the Northern Division, and apparently justified that designation by alleging that plaintiff Bartronics has its principal place of business in Marion, Alabama, in the Northern Division.  (Complaint, ¶ 1.)[1]

This District Court's general practice is to set trials for Northern Division civil cases in Selma, Alabama.  *See* Local Rule 3.1(a) ("Court for the Northern Division shall be held in

---

[1] Marion, Alabama is the county seat of Perry County, Alabama, which lies within the Northern Division.  *See* 28 U.S.C. § 81(c).  Plaintiff's residence in the Northern Division is reinforced by the Civil Cover Sheet accompanying the Complaint, wherein Bartronics represented that its county of residence is Perry County, Alabama.

Selma, unless otherwise ordered by the court.").[2] For that reason, the presumption is that this Northern Division case will be tried in Selma, rather than in Mobile. Because of a clerical error, however, the initial Rule 16(b) Scheduling Order (doc. 16) entered on April 2, 2007 set this case for trial in Mobile. When plaintiff promptly pointed out the oversight via its Motion for Trial Setting in Selma, Alabama (doc. 21), an Amended Rule 16(b) Scheduling Order (doc. 22) was entered to reflect a trial location in Selma, which is right and proper for this Northern Division case.

On April 7, 2007, the very next day after entry of the Amended Scheduling Order, defendants filed a Request for Reconsideration, asserting the following grounds for its request that the trial be reset for Mobile: (a) defendants have identified various witnesses who will travel by air from Europe or other parts of the United States to participate in the trial, and "Mobile is far better equipped to accommodate the international and transcontinental travel of these witnesses than Selma" (doc. 23, at 1-2); (b) defendants' in-state and out-of-state counsel will need to travel by air to the trial, and a Mobile trial location will be far more convenient than a Selma trial location in that regard; (c) plaintiffs' out-of-state counsel will need to travel by air to the trial, and a Mobile venue will again be more convenient in that effort; (d) no hardship will be created for the one witnesses identified by plaintiff's initial disclosures to travel from that witness's residence in the Northern Division to a trial in Mobile; and (e) defendants neither consented to moving the trial to Selma, nor were given a reasonable opportunity to oppose plaintiff's request to change the trial setting to Selma.

Defendants do not argue that venue for this action does not properly lie in the Northern Division; therefore, defendants' request for reconsideration is properly construed as a motion to transfer venue for the convenience of parties and witnesses, pursuant to 28 U.S.C. § 1404(a).[3]

---

[2] This practice is bolstered by the Congressional admonition that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c). Bartronics' Complaint having been filed in the Northern Division, this action is pending in the Northern Division and should be tried in that division, absent an appropriate basis for transferring venue.

[3] That section provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

By its terms, § 1404(a) provides that an action may be transferred to another division "[f]or the convenience of parties and witnesses, in the interest of justice." *Id.* When determining whether the balance of justice and convenience favors transfer, courts "generally consider the following factors: the plaintiff's initial choice of forum; the convenience of the parties; the convenience of the witnesses; the relative ease of access to sources of proof; the availability of compulsory process for witnesses; the location of relevant documents; the financial ability to bear the cost of the change; and trial efficiency." *Lasalle Bank N.A. v. Mobile Hotel Properties, LLC*, 274 F. Supp.2d 1293, 1301 (S.D. Ala. 2003) (citation omitted); *see also C.M.B. Foods, Inc. v. Corral of Middle Georgia*, 396 F. Supp.2d 1283, 1286-87 (M.D. Ala. 2005) (same). "The decision of whether a case should be transferred under § 1404(a) is an individualized case-by-case consideration of convenience and fairness." *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp.2d 1290, 1307 (N.D. Ala. 2003) (citations omitted); *Lasalle Bank*, 274 F. Supp.2d at 1301 (similar).

Notwithstanding the foregoing laundry list of factors, however, a plaintiff's choice of forum should be honored so long as venue is proper there, unless substantial countervailing considerations militate to the contrary. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.").[4] "[I]n the usual motion for transfer under section

---

division where it might have been brought." 28 U.S.C. § 1404(a). By contrast, had defendants postured their objection as being that venue is improper in the Northern Division of Alabama, then their request would instead be analyzed through the lens of 28 U.S.C. § 1406(a), which allows for the dismissal or transfer of cases that lay venue in the wrong division or district. Section 1406(a) is not implicated by defendants' motion and therefore will not be considered.

[4]  This principle has been echoed by myriad district courts examining § 1404(a) motions. *See, e.g., Thermal Technologies, Inc. v. Dade Service Corp.*, 282 F. Supp.2d 1373, 1375 (S.D. Fla. 2003) ("Initially, Plaintiffs' choice of forum should rarely be disturbed."); *A.J. Taft*, 291 F. Supp.2d at 1309 ("in this Circuit, a plaintiff's choice of forum typically is entitled to considerable deference"); *Lasalle Bank*, 274 F. Supp.2d at 1301 ("Courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which it resides."); *Holmes v. Freightliner, LLC*, 237 F. Supp.2d 690, 693 (M.D. Ala. 2002) ("[T]he weight to be given the plaintiff's forum choice is significant and will not be disturbed unless the other factors weigh substantially in favor of transfer.") (citation omitted); *E.E.O.C. v. Mustang Mobile Homes, Inc.*, 88 F. Supp.2d 722, 726 (W.D. Tex. 1999) ("In general, a plaintiff's choice of forum is entitled to great weight."); *Insuracorp, Inc. v. American Fidelity Assur. Co.*, 914 F. Supp. 504,

1404(a), the burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *Holmes v. Freightliner, LLC*, 237 F. Supp.2d 690, 692-93 (M.D. Ala. 2002) (observing that, under § 1404(a) analysis, plaintiff's selected forum is presumptively correct, and defendant bears burden of demonstrating that suggested forum is more convenient).

In seeking to justify a transfer of venue from the Northern Division to the Southern Division in this case, defendants cite only the convenience of witnesses (in that it is purportedly easier for out-of-town witnesses to fly to Mobile than it is for them to fly to Selma) and the convenience of counsel. The latter factor is emphatically not a proper consideration in the § 1404(a) transfer analysis. *See, e.g.*, *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) ("The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)."); *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973) ("The convenience of counsel is not a factor to be considered."); *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp.2d 1183, 1196 (S.D. Cal. 2007) (convenience of counsel deemed "irrelevant" to § 1404(a) analysis); *Original Creatine Patent Co. v. Met-Rx USA, Inc.*, 387 F. Supp.2d 564, 571 (E.D. Va. 2005) ("no consideration is given to the convenience of counsel" in motion for discretionary transfer of venue).

By contrast, the former factor cited by defendants – convenience of the witnesses – is a proper and important consideration in the § 1404(a) calculus. Indeed, courts have recognized that, aside from the plaintiff's own choice of forum, "[t]he most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses." *Insuracorp, Inc. v. American Fidelity Assur. Co.*, 914 F. Supp. 504, 506 (M.D. Ala. 1996); *see also Lasalle Bank*, 274 F. Supp.2d at 1302 ("The most important factor is the convenience of the witnesses."). But defendants have failed to make an adequate showing that a Southern Division venue will be materially more convenient for the witnesses than a Northern Division venue. The one witness named in plaintiff's initial disclosures resides in the Northern Division, so for that person a

---

505 (M.D. Ala. 1996) ("Under normal circumstances, federal courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which he or she resides.").

Northern Division venue is plainly more appropriate.  Defendants have apparently not identified a single witness found in the Southern Division.  To be sure, defendants have named various witnesses located in other states and countries, but their sole rationale for why the Southern Division would be a more convenient venue for them is that "Mobile is far better equipped to accommodate the international and transcontinental travel of these witnesses than Selma. ... If the trial of this case is moved to Selma, these witnesses will most likely be required to travel by airline to Mobile and then travel by car from Mobile to Selma."  (Defendants' Request, at 1-2.)  This contention overlooks the fact that the Northern Division is served by the Montgomery Regional Airport, which is located just over 40 miles from the federal courthouse in Selma.  By comparison, the Southern Division is served by the Mobile Regional Airport, which is located some 18 miles from the federal courthouse in Mobile.  The difference in driving distances (which amounts to less than 25 miles) between the courthouses and the respective airports that service them does not amount to a material difference in the convenience of the witnesses, so as to justify a transfer of venue to the Southern Division on *forum non conveniens* grounds.

      Accordingly, the undersigned finds that defendants have failed to meet their burden of establishing that the balance of justice and convenience favors transfer of this action from the Northern Division, where it was originally filed, to the Southern Division.  Plaintiff's choice of venue is entitled to deference, and defendants have not established that such choice is either improper or outweighed by countervailing considerations, or that there will be any material difference in the convenience of the witnesses, with respect to the two fora.  For these reasons, defendants' Request for Reconsideration (doc. 23) is **denied**.

      DONE and ORDERED this 4th day of May, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE