IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARTRONICS, INC., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 06-0825-WS-M |
| | ) |
| POWER-ONE, INC., *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

This matter comes before the Court on Defendants' Motion for Leave to Amend Answer and Counterclaim (doc. 38) and Defendants' Motion to Strike Plaintiff's Opposition (doc. 50). Both motions are ripe for disposition at this time.

**I.   Background.**

Plaintiff Bartronics, Inc. brought this action against defendants Power-One, Inc. and Magnetek, Inc., alleging a claim for patent infringement with respect to a patent as to which Bartronics purports to be the assignee. Defendants filed an Answer and Counterclaim (doc. 6), in which they set forth as affirmative defenses that one or more claims of the '057 patent are invalid under 35 U.S.C. § 102 and that plaintiff's inequitable conduct during prosecution of that patent rendered its patent unenforceable. On April 2, 2007, Magistrate Judge Milling entered a Rule 16(b) Scheduling Order (doc. 16) that, *inter alia*, set a deadline of May 18, 2007 for motions for leave to amend the pleadings.

On the May 18 deadline, defendants filed a Motion for Leave to Amend Answer and Counterclaim (doc. 38), wherein they requested leave to plead additional facts in support of the inequitable conduct defense and to state new defenses of obviousness under 35 U.S.C. § 103 and claim indefiniteness under 35 U.S.C. § 112.[1] Examination of the proposed Amended Answer

---

[1] Apparently, defendants would posture the obviousness and claim indefiniteness arguments both as affirmative defenses to Bartronics' cause of action for patent infringement and as counterclaims against Bartronics. Indeed, these allegations are replicated in both the Answer and the Counterclaim portions of the proposed pleading.

and Counterclaim appended to the Motion reflects that the sum total of the proposed amendment calls for adding the following to defendants' existing pleading: (a) allegations that plaintiff and/or Stuart Barron, with deceptive intent, failed to disclose specific information material to patentability to the United States Patent and Trademark Office ("PTO"), including their knowledge of certain inventive activities by Johann Kolar and their knowledge of certain information contained in a technical article published in 2000, all of which is intended to bolster defendants' existing inequitable conduct affirmative defense / counterclaim; (b) a one-sentence allegation (set forth in both the Answer and the Counterclaim) that one or more of the patent's claims are invalid under § 103; and (c) a one-sentence allegation (set forth in both the Answer and the Counterclaim) that one or more of the patent's claims are invalid as being indefinite under § 112.

In its Opposition (doc. 47), plaintiff (i) objects to the amendment of the already existing inequitable conduct defense and counterclaim on the grounds that it fails to plead fraud with particularity, (ii) argues that the § 103 and § 112 counterclaims fail to satisfy minimum pleading standards, and (iii) requests imposition of Rule 11 sanctions against defendants for filing their proposed amendment. Defendants countered by filing a Motion to Strike Plaintiff's Opposition (doc. 50) as being procedurally improper and relying on facts outside the record. The Court will take all of these matters under submission at this time.

**II.      Analysis.**

*A.      Legal Standard for Motion to Amend.*

Defendants' timely request to amend their Answer and Counterclaim is governed by Rule 15(a), Fed.R.Civ.P., which provides that leave to amend pleadings "shall be freely given when justice so requires." *Id.*; *see also Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("leave to amend must be granted absent a specific, significant reason for denial"). The Eleventh Circuit has explained that such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83

S.Ct. 227, 9 L.Ed.2d 222 (1962)); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility). Although whether to grant leave to amend rests in the district court's discretion, Rule 15(a) "severely restricts" that discretion. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). Indeed, denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the *Foman* factors.[2]

Plaintiff's objections to the proposed amendment allege neither prejudice nor delay, but rather proceed exclusively on a futility theory. Unquestionably, leave to amend a pleading may properly be denied under Rule 15(a) "when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). Cases in this Circuit applying the futility test to a new defense in a proposed amended answer are few and far between; therefore, the Court derives guidance from analogous authorities relating to amended complaints. *See Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp.2d 411, 419 (D.N.J. 2005) ("The same standard applies to motions for leave to amend both complaints and answers."). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999). Translating that standard to the amended answer context, a finding of futility is, in effect, a legal conclusion that the proposed defense would necessarily fail. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense"); *Massie v. Board of Trustees, Haywood Community College*, 357 F. Supp.2d 878, 884 (W.D.N.C. 2005) (motion to amend answer to state new affirmative defense should be denied as futile only

---

[2] *See, e.g., Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay); *McKinley*, 177 F.3d at 1258 (opining that district court abused discretion in refusing to permit amendment where opposing party would not be prejudiced); *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) ("Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial") (citation omitted).

if proposed amendment is "clearly insufficient or frivolous on its face").

### B.    Amendment Concerning Inequitable Conduct.

Bartronics argues that the proposed amendment concerning an affirmative defense and counterclaim of inequitable conduct is futile because it fails to plead fraud with particularity.

As an initial matter, the timing of plaintiff's objection to the inequitable conduct allegations is suspect. Defendants do not seek to interject new counterclaims and affirmative defenses of inequitable conduct; to the contrary, their affirmative defense and counterclaim of inequitable conduct is unambiguously set forth in their Answer and Counterclaim (doc. 6) filed back on January 30, 2007. Plaintiff failed to file a motion to dismiss objecting to the adequacy of defendants' pleading of the inequitable conduct issue at that time, but instead filed a Reply (doc. 9) to the Counterclaim that mentioned Rule 9 without squarely presenting that issue to the Court. This litigation has thus proceeded for more than four months with no attempt by Bartronics to contest whether defendants' inequitable conduct allegations satisfy Rule 9(b). Paradoxically, it is only now, when defendants seek to amplify and expound on their existing inequitable conduct claims, that plaintiff would litigate its Rule 9(b) objection on the grounds that the proposed amendment - not the original Answer and Counterclaim - flunks the requirement that fraud be pleaded with particularity.

Setting aside the awkward timing of plaintiff's objection, the law is clear that "[a] defense based on a patentee's inequitable conduct is subject to the enhanced pleading requirements of Fed.R.Civ.P. 9(b), which requires that a party claiming fraud must plead its claim with particularity." *Rhone-Poulenc Agro S.A. v. Monsanto Co.*, 73 F. Supp.2d 537, 538 (M.D.N.C. 1999); *see also EBS Dealing Resources, Inc. v. Intercontinental Exchange, Inc.*, 379 F. Supp.2d 521, 532 (S.D.N.Y. 2005) (fraud-based affirmative defenses in patent cases must be pled in accordance with Rule 9(b) particularity requirements); *MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp.2d 762, 772 (D. Md. 2003) ("Courts generally hold that allegations of inequitable conduct are subject to the particularity requirements of Rule 9(b)."); *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp.2d 484, 487-88 (D. Del. 2003) (collecting cases for proposition that majority of federal courts have applied Rule 9(b) to inequitable conduct claims in patent cases).

There is also ample precedent documenting the elements of an inequitable conduct claim

in a patent case, which include a showing that "(1) the applicant or one substantially involved in the prosecution of the patent omitted or misrepresented material prior art or information; (2) that such person knew of the materiality of the prior art; and (3) that person intended to deceive the PTO by deliberately withholding the prior art or information." *MercExchange, LLC v. eBay, Inc.*, 271 F. Supp.2d 784, 788 (E.D. Va. 2002) (citation omitted); *see also Enzo Life Sciences*, 270 F. Supp.2d at 489 (to establish inequitable conduct due to failure to disclose material information to PTO, party must prove that information is material, that knowledge of information and its materiality is chargeable to patent applicant, and that applicant's failure to disclose such information resulted from intent to mislead the PTO).

Notwithstanding Bartronics' objection, the proposed Amended Answer and Counterclaim adequately pleads all of the elements of an inequitable conduct claim. Defendants' proposed amendment specifically pleads the identities of the parties (including listing an individual, Stuart Barron, by name) who allegedly engaged in deceptive conduct, specifically identifies the prior art or information that defendants contend was omitted or misrepresented in prosecution of the patent (including the inventive activities of Johann Kolar and the 2000 technical article), specifically alleges that such prior art or information was both material and known to the persons who made the omission, and specifically asserts that these omissions were made with the intent to mislead the PTO.[3] Such a pleading is, on its face, sufficiently detailed both to plead all the

---

[3] Bartronics argues that the Rule 9(b) pleading requirements cannot be satisfied unless defendants specifically plead a factual basis for their assertions that Bartronics had actual knowledge of this information and that Bartronics had deceptive intent. (Opposition, at 3-4.) But plaintiff cites no authority, and the Court is aware of none, that would require defendants to enumerate a full evidentiary showing of the basis for their knowledge and deceptive intent allegations as a condition precedent to pleading an inequitable conduct claim. Such a draconian obstacle would foreclose the vast majority of inequitable conduct claims. It would also contravene Rule 9(b) itself, which states that "Malice, **intent**, **knowledge**, and other condition of mind of a person **may be averred generally**." *Id.* (emphasis added); *see also MedImmune*, 271 F. Supp.2d at 772 ("Rule 9(b) allows intent to deceive to be averred generally"). Thus, plaintiff's position is predicated on a construction of Rule 9(b) that is out of step with, and indeed unequivocally refuted by, the plain language of the Rule. While Bartronics is correct that defendants must prove knowledge and intent at trial in order to prevail on this theory of relief, they are under no obligation to make such an onerous showing at the pleadings stage. Plaintiff's argument confuses these very distinct burdens.

elements of an inequitable conduct claim and to comport with the strictures of Rule 9(b).  *See Collaboration Properties, Inc. v. Tandberg ASA*, 2007 WL 205065, *4 (N.D. Cal. Jan. 25, 2007) (to allege inequitable conduct, defendant must specifically plead "(1) intent to deceive, (2) materiality, and (3) the misrepresentation's relationship to the targeted patent or patents").[4] Other district courts considering the sufficiency of similar pleadings of inequitable conduct have reached the same conclusion.  *See MercExchange*, 271 F. Supp.2d at 788 (amendment properly pleaded inequitable conduct defense by alleging that prior art known to plaintiff was not provided to PTO in connection with plaintiff's patent application, that this prior art was material to prosecution of patent application, and that plaintiff knew the materiality of the prior art, but deliberately decided not to reveal it); *MedImmune*, 271 F. Supp.2d at 772 (inequitable conduct claim passes muster under Rule 9(b) where party pleaded that inequitable conduct occurred during prosecution before the PTO, identified the patent applicants as persons who engaged in such conduct, enumerated the specific prior art that was misrepresented or omitted, and alleged both that the omission was material and that it was done with intent to deceive); *Rhone-Poulenc Agro*, 73 F. Supp.2d at 538 (affirmative defense of inequitable conduct satisfied Rule 9(b) where it alleged that plaintiff omitted material information in patent applications and where it delineated the specific prior art and testing information that it contended should have been included in the applications).

More generally, the Court recognizes "that the purpose behind requiring such particularity is to provide a defendant fair notice of the substance of a plaintiff's claim so that the defendant can formulate a defense."  *MedImmune*, 271 F. Supp.2d at 772.  There can be no reasonable debate of the proposition that defendants' inequitable conduct claim and affirmative defense are adequately pleaded to afford Bartronics fair notice of their substance to enable it to litigate them effectively.

---

[4] In the inequitable conduct context, it has been observed that Rule 9(b) requires the defendant to "outline the specific statements made, the defendant who made them, and the time and place they were made."  *EBS Dealing*, 379 F. Supp.2d at 532.  All of these prerequisites are satisfied here.  The specific statements allegedly omitted were those concerning Kolar's inventive activities and the 2000 technical article.  The persons who allegedly omitted such statements were Bartronics and/or Stuart Barron.  The time and place of the alleged omissions were the patent prosecution proceedings before the PTO.  Rule 9(b) requires nothing more.

For all of these reasons, plaintiff's objection to the proposed amendment is **overruled** insofar as it is predicated on an alleged failure to plead fraud with particularity.

### C. *Amendment Concerning Obviousness and Indefiniteness.*

Plaintiff further objects to defendants' proposed Amended Answer and Counterclaim on the grounds that the § 103 (obviousness) and § 112 (indefiniteness) claims set forth in paragraphs 5 and 6 of the proposed Counterclaim are futile because they fail to satisfy the pleading standard adopted by the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955 (2007), which articulated a general pleading requirement of plausibility, demanding "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.  The *Bell Atlantic* Court reiterated the well-established propositions that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 1964-65.

Review of the proposed Amended Answer and Counterclaim reveals that defendants apparently intend to pursue two new counterclaims, which are pleaded in their entirety as follows:  "One or more of the claims of the '057 patent are invalid under 35 U.S.C. § 103" and "One or more of the claims of the '057 are invalid as being indefinite under 35 U.S.C. § 112, second paragraph." (Proposed Answer and Counterclaim, at 4.)  The exact nature and scope of defendants' causes of action in the proposed Counterclaim is difficult to discern because of the ambiguity of the pleading, but it appears that defendants are attempting to bring new counterclaims against Bartronics under both § 103 and § 112.  Such causes of action are pleaded in entirely conclusory fashion, with no supporting facts of any kind.  As such, they run afoul of the pleading standards enunciated by the Supreme Court in *Bell Atlantic* and cannot survive Rule 12(b) scrutiny, in their present form.

Accordingly, the Court finds that plaintiff's objection to the proposed amendment is **sustained** as to paragraphs 5 and 6 of the proposed Counterclaim, which purports to assert new causes of action against Bartronics in entirely conclusory fashion, without any accompanying

factual allegations that might state a claim to relief that is plausible on its face.[5]

### D. Plaintiff's Request for Rule 11 Sanctions.

Buried in plaintiff's Opposition Brief is an accusation that the proposed amendment violates Rule 11, Fed.R.Civ.P., because defendants' counsel have failed properly to investigate their proposed new allegations and lack any reasonable basis for alleging that Bartronics knew of and intentionally failed to disclose the 2000 technical article during the patent application process.

By the Court's reckoning, there are at least three prominent defects in plaintiff's request for imposition of Rule 11 sanctions. First, plaintiff has not filed a motion or formal request for Rule 11 sanctions, but has simply folded it into a memorandum of law on a straightforward Rule 15 issue. As such, plaintiff's request unquestionably runs afoul of Rule 11(c)(1)(A), which provides that "A motion for sanctions under this rule *shall be made separately from other motions or requests*." *Id.* (emphasis added). Second, plaintiff has ignored the clear directive in Rule 11 that motions for sanctions "shall be served as provided in Rule 5, *but shall not be filed with or presented to the court unless, within 21 days after service of the motion,* the challenged paper ... is not withdrawn or appropriately corrected." *Id.* (emphasis added). Bartronics failed to comply with the unambiguous requirement of advance service and 21-days notice before filing said request with the Court.[6] Third, plaintiff does not offer any evidence from which it can be concluded that defendants failed to conduct reasonable investigation. Certainly, nothing in the exhibit appended to plaintiff's Opposition supports a conclusion that defendants failed reasonably to investigate before alleging that Bartronics knew of and intentionally failed to

---

[5] To be clear, plaintiff does not object to the newly-added formulation of the § 103 and § 112 issues as the Third and Fourth Affirmative Defenses of the proposed Amended Answer and Counterclaim. Nothing in *Bell Atlantic* would appear to require more detailed pleading of affirmative defenses, and the Court finds nothing inadequate or unsatisfactory in said pleading. Accordingly, nothing herein in any way forecloses, limits or impinges upon defendants' ability to file an Amended Answer and Counterclaim setting forth the new Third and Fourth Affirmative Defenses in the form proposed by defendants.

[6] In this regard, defendants have filed the Declaration of Mark Patterson (doc. 51), one of defendants' lawyers, specifically averring that "Plaintiff has not served on Defendants a Motion for Sanctions under Rule 11." (Patterson Decl., ¶ 7.)

disclose the 2000 technical article.  At most, such correspondence reflects that defendants' counsel declined to reveal the factual basis for that knowledge allegation (which need only be pleaded generally under the Federal Rules of Civil Procedure, in any event) in response to plaintiff's truculent demand for same.  Nothing in Rule 11 requires a party to reveal the full scope of its investigative efforts to opposing counsel simply because opposing counsel threatens to file a Rule 11 motion.

The Eleventh Circuit has admonished litigants that courts "look with disfavor on a party's use of Rule 11 or the ethical rules as combative tools.  The rules governing the ethical conduct of lawyers are far too important to be trivialized and used in baseless mud-slinging such as this."  *Autrey v. United States*, 889 F.2d 973, 986 n.20 (11th Cir. 1989).  Unfortunately, plaintiff's hastiness to hurl Rule 11 accusations against opposing counsel suggests that it is engaging in precisely the sort of behavior condemned in *Autrey*.  Rule 11 is not a weapon for intimidating or browbeating opposing counsel to refrain from filing a pleading that a lawyer disagrees with.  It is not a bargaining chip to be flashed cavalierly in hopes of securing a strategic advantage.  Rather, Rule 11 is a narrowly cabined provision whose sanctions "are to be imposed sparingly, as they can have significant impact beyond the merits of the individual case and can affect the reputation and creativity of counsel."  *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) (citation omitted).  Plaintiff's speculation that defense counsel may have performed insufficient investigation before alleging Bartronics' knowledge and intentional omission of a 2000 technical article from the patent application is far from the stuff of a Rule 11 violation.  This Court expects counsel appearing before it to exercise greater restraint before leaping to reckless accusations of sanctionable misconduct by their counterparts.

Plaintiff's ill-conceived request for Rule 11 relief embedded in its Opposition Brief (doc. 47) is **denied**.  No attorney's fees or expenses shall be taxed against either side in connection with the request.  Having denied the request, the Court perceives no conceivable reason for striking same from the court file; therefore, Defendants' Motion to Strike Plaintiff's Opposition (doc. 50) is also **denied**.[7]

---

[7]  In the overwhelming majority of cases, the proper judicial response to a factually unsupported or legally defective argument is simply not to credit it.  There is no apparent reason

### III. Conclusion.

For all of the foregoing reasons, it is hereby **ordered** as follows:

1. Defendants' Motion for Leave to Amend Answer and Counterclaim (doc. 38) is **granted in part, and denied in part**. The Motion is **denied** as futile to the extent that defendants would add two new conclusory claims for relief in Paragraphs 5 and 6 of the proposed amended Counterclaim. In all other respects, the Motion is **granted**. Pursuant to Section II.A.6. of this District Court's Administrative Procedures for Filing, Signing and Verifying Documents by Electronic Means, defendants are **ordered**, on or before **June 22, 2007**, to file their Amended Answer and Counterclaim in the form of the proposed pleading appended to their Motion as Exhibit 1, but deleting paragraphs 5 and 6 of the Counterclaim section of Exhibit 1 and renumbering the other paragraphs accordingly.[8]

2. Plaintiff's request for Rule 11 sanctions set forth in its Opposition (doc. 47) is **denied**, no attorney's fees or expenses to be awarded to either side.

3. Defendants' Motion to Strike Plaintiff's Opposition (doc. 50) is **denied**.

DONE and ORDERED this 15th day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

under the circumstances presented here why the extraordinary measure of striking plaintiff's brief might be appropriate. *See generally English v. CSA Equipment Co.*, 2006 WL 2456030, *2 (S.D. Ala. Aug. 22, 2006) (explaining circumstances under which striking a submission may be appropriate, and declaring that a brief should not be stricken simply because its arguments are incorrect, misguided or unpersuasive).

[8] This directive requires clarification because the proposed Counterclaim confusingly includes two paragraphs numbered 5. Defendants need not redact the first paragraph 5 (relating to the inequitable conduct claim), but must excise the second paragraph 5 (which asserts defendants' § 103 claim), as well as the lone paragraph numbered 6.